UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TEDDY DUNEGHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:13-cv-00142-RLY-WGH |
| ) | |
| TRIANGLE ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT**

Pursuant to Rule 60(b)(6), Plaintiff, Teddy Duneghy, moves for relief from the court's final judgment against him and in favor of Defendant, Triangle Enterprises, Inc. For the reasons set forth below, the motion is **DENIED**.

**I.     Background**

Plaintiff, by his attorneys, filed this employment discrimination lawsuit against Defendant on June 25, 2013. On January 23, 2014, the Magistrate Judge approved the parties' Case Management Plan ("CMP") as submitted. Pursuant to CMP, the parties Rule 26 initial disclosures were due to be served on or before February 24, 2014. In addition, Plaintiff's preliminary witness and exhibit lists, statement of special damages, and settlement demand were due on or before March 24, 2014, and Defendant's preliminary witness and exhibit lists were due on or before April 23, 2014. The CMP

1

also scheduled a settlement conference for June 23, 2014, established a dispositive motions deadline of October 23, 2014, and set a trial date of June 8, 2015.

On January 19, 2015, Plaintiff filed an Unopposed Motion to Modify Case Management Plan. In the Motion, Plaintiff's counsel states:

> As of the date of this Motion, Plaintiff has not tendered responses to the Defendant's initial discovery requests, and has not served the Defendant with initial disclosures or a settlement demand. Counsel for Plaintiff discussed the outstanding discovery with Counsel for the Defendant on the 16th day of January 2015, and communicated to Counsel for the Defendant that the Plaintiff had assured his Counsel that he would have the remaining discovery materials by the end of the next week.

(Filing No. 32). The Magistrate Judge granted the Motion, and ordered the parties to appear at the January 26, 2015 telephonic status conference to agree upon new CMP deadlines. (Filing No. 34).

Following the January 26, 2015, telephonic status conference, the Magistrate Judge entered an Order on Telephonic Status Conference and Order to Show Cause on February 3, 2015. The Order stated, in relevant part:

> Plaintiff's counsel reported that Plaintiff has not responded to his counsel nor provided discovery materials requested by the Defendant. Plaintiff's counsel sent a letter to Mr. Duneghy indicating that counsel will withdraw in the near term.
>
> The Magistrate finds that, under Docket 19, Defendant has stated that it served Plaintiff with written discovery on April 19, 2014. Settlement conferences set in June and October of 2014 and January of 2015 have been continued because Plaintiff has still not yet responded to those written discovery materials. The case management plan deadlines were vacated at Docket 34.

(Filing No. 36).  The Order on Telephonic Status Conference and Order to Show Cause then vacated the trial setting of June 8, 2015, did not set any new CMP deadlines, and stated, in relevant part:

> 3. If Plaintiff's counsel is going to file a motion to withdraw, he should do so within two (2) weeks of the date of this Order.
>
> 4. Unless Plaintiff has fully complied with all outstanding discovery beforehand, he is **ORDERED TO APPEAR** and to show cause why this matter should not be dismissed for lack of prosecution on **WEDNESDAY, MARCH 4, 2015**, at 2:30 p.m., Evansville time (CDT), in Room 335, Federal Building, Evansville, Indiana.  Plaintiff must appear **in person** so that this hearing can be held on the record, unless by prior agreement with Defendant's counsel the parties agree that Plaintiff need not appear.

(*Id.*).

On February 4, 2015, Plaintiff's counsel filed a Motion to Withdraw due to an irretrievable breakdown in the attorney-client relationship.  (Filing No. 37).  In the Motion to Withdraw, counsel noted his inability to attain completed discovery responses from Plaintiff to Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production, which were served upon Plaintiff on April 18, 2014.  Attached to the Motion were three letters from Plaintiff's counsel dated June 24, 2014, October 1, 2014, and January 23, 2015, advising Plaintiff of the importance of completing the discovery requests and of the need to contact counsel immediately.  In addition, counsel's January 23rd letter also advised Plaintiff that if Plaintiff did not provide him with the responses to discovery within seven days, he would be forced to withdraw as his counsel.  The Magistrate Judge granted the Motion to Withdraw on February 27, 2015.  (Filing No. 38).

The show cause hearing was held on March 4, 2015. Plaintiff did not appear. On March 20, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the action be dismissed without prejudice for failure to prosecute. (Filing No. 40).

On April 14, 2015, after receiving a copy of the Report and Recommendation, Plaintiff produced the outstanding discovery to his counsel. Meanwhile, no objection to the Report and Recommendation was ever filed.

On May 4, 2015, the court adopted the Report and Recommendation and issued a final judgment. (Filing Nos. 41-42).

On May 14, 2015, Plaintiff's counsel reentered his appearance and filed the present Motion for Relief from Final Judgment.

**II.    Discussion**

Before addressing the merits of Plaintiff's Motion, the court needs to address one issue – the court's final judgment. It reads: "The court, having adopted the Magistrate Judge's Report and Recommendation dismissing this action without prejudice, now enters final judgment." (Filing No. 42). Although the Magistrate Judge did recommend dismissing the case without prejudice, his recommendation was based on Plaintiff's failure to prosecute. That type of dismissal requires a final judgment. *Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006); *see also Taylor v. City of Chicago*, 334 Fed. Appx. 760, 761 (7th Cir. 2009) ("A dismissal for failure to prosecute operates as a final judgment on the merits."). Accordingly, the court rightly issued a final judgment, but

4

wrongly included the words "without prejudice." The court now turns to the merits of Plaintiff's Motion for Relief from Judgment.

Federal Rule of Civil Procedure 60(b) authorizes relief from a court's judgment or order on a variety of grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or misconduct by the opposing party, lack of jurisdiction of the issuing court, or prior satisfaction or release of the judgment. Rule 60(b)(6) adds a "catch-all" provision which authorizes relief for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Plaintiff argues that he has satisfied his burden of showing exceptional circumstances because, after he received the Magistrate Judge's recommendation to dismiss his case for failure to prosecute,

> Plaintiff took steps to ensure that all of the outstanding discovery was produced in compliance with the Court's prior orders by taking the documents to Counsel. Moreover, Plaintiff sent out the discovery on the 14th day of May, 2015, preceding the filing of this motion and signed a client cooperation agreement wherein Plaintiff assured Counsel that he will fully and faithfully comply with all requests made by either side or this District Court. It can be seen that Plaintiff is taking the appropriate steps necessary to show this Honorable Court that he wishes to efficiently and expeditiously prosecute his case and controversy.

(Filing No. 44 at 6). Plaintiff's change of heart comes a year too late. Indeed, his wholesale neglect of his case caused the court to vacate three scheduled settlement conferences, vacate CMP deadlines, and hold a show cause hearing which Plaintiff did not bother to attend. He wasted not only the court's time and resources, but also

Defendant's time and resources. Plaintiff failed to prosecute his case, and he must now suffer the consequences.

### III. Conclusion

Plaintiff failed to establish that extraordinary circumstances exist justifying relief from the court's final judgment. Accordingly, his Motion for Relief from Final Judgment (Filing No. 44) is **DENIED**.

**SO ORDERED** this 2nd day of October 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.